UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIE LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:10-CV-084-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| JAILER KENNY PRICE, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

Willie Lowe is currently incarcerated in the Clay County Detention Center, in Manchester, Kentucky. He has submitted another *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, and another Motion to Proceed *in forma pauperis*. His previous filings will be discussed *infra*. The instant Complaint is now before the Court for initial screening.[1] 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss the Complaint.

**I.**

Plaintiff makes several complaints about personnel at the Clay County Detention Center ("CCDC"). He alleges that Jailer Price permits his officers to "make smart remarks about inmates charges" and an Officer Bishop did just that with regard to Plaintiff's rape charge. Additionally, Lowe charges that the Jailer "also lets his officers discriminate against inmates." As to the facts underlying this claim, Plaintiff alleges that most inmates, including himself, get

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

just one cup of coffee or kool-aid, but if the officer likes a particular prisoner, that prisoner may get two to six cups.

With regard to the favoritism displayed at drink time, Plaintiff purportedly "told on" a defendant officer named Ronnie. After doing so, he alleges, the rest of the officers "now treat me bad & have attitudes toward me." Plaintiff also told Defendant Bill Ed about officers hitting inmates and "about all of these problems and has [sic] never done anything about it." Ed purportedly responded that the Plaintiff needed "to stop running my mouth on the officers before some one shuts it."

As to when these events happened, the Plaintiff writes, "This happened on 2-18-10 and the remarks about the inmates charges by officer Bishop was on 3-17-10. Him and others have done this on several accounts." Lowe seeks "[t]he right not to have my charges known" and "the right to have state funded drinks & be treated fairly, same as other inmates."

**II.**

To establish a right to relief under 42 U.S. C. § 1983, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The instant Plaintiff has failed to satisfy the first of these requirements, and therefore, he has failed to state a claim upon which this Court may grant relief under Section 1983. Construing the allegations liberally, the Court considers whether the *pro se* Plaintiff means to

2

assert that conditions of confinement violate the Eighth Amendment prohibition against cruel and unusual punishment.

The Eighth Amendment, as applied to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment upon prisoners. *Wilson v. Seiter*, 501 U.S. 294 (1991). The Eighth Amendment's protections extend to prisoners' conditions of confinement. *Whitley v. Albers*, 475 U.S. 317 (1986). The Court must analyze whether the prisoner has shown "both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)." *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. at 298)).

The Court finds that the instant Plaintiff's allegations, complaining of the revelation of his rape charge, which is a public record, and the receipt of only a cup of kool aid, fall far short of stating an Eighth Amendment claim. The Constitution does not require that inmates be housed in comfortable surroundings. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Not every unpleasant experience a prisoner might endure constitutes cruel and unusual punishment. *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987) (per curiam). Conditions of confinement that are restrictive or harsh are not necessarily unconstitutional, but merely part of the penalty that criminal offenders must pay.

A plaintiff must allege punishments that "involve the unnecessary and wanton infliction of pain" or punishments "disproportionate to the crime committed." *Id.* at 954. Verbal abuse, harassment, and arbitrariness in dealing with inmates are not Eighth Amendment violations. *Id.* at 955; *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff's idle threats to hang a prisoner did not give rise to a § 1983 action). Plaintiff Lowe's complaints of conditions at the

CCDC fail to state a constitutional claim upon which the Court may grant relief, and they will be dismissed.

Nor does the Plaintiff state a claim of discrimination. "To state a claim under the equal protection clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1111 (6th Cir. 1995) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)); *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977)).

The instant Plaintiff fails to allege any culpable animus in any defendant. He does not mention a racial component. He alleges only that certain inmates get more kool aid or coffee. This does not state a claim of unconstitutional discrimination in violation of his right to equal protection of the law. A claim which is not supported by factual allegations is dismissable as being only conclusory. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971). Thus, this claim will also be dismissed for failure to state a claim upon which the Court may grant relief.

A word about Plaintiff Lowe's litigation history is in order. Court records show that within an eleventh-month period, this prisoner-plaintiff has filed seven (7) civil rights lawsuits in the Eastern District of Kentucky. He has not paid the $350 filing fee in a single case, including this one. Moreover, he has failed to sufficiently respond to the Court's Deficiency Orders in most of them, which were then dismissed for failure to prosecute. *See e.g., Lowe v. Mobley, et al.*, 09-CV-277-GFVT; *Lowe v. Ballou, et al.*, 09-CV-372-ART.

In only one of this Plaintiff's cases was the Court able to decide his Motion to proceed *in forma pauperis* and screen his Complaint. In *Lowe v. Ball, et al.*, 09-CV-424-GFVT, the Court granted his Motion to Proceed *in forma pauperis*, but because he reported no income, the Court did not order payment of an initial partial filing fee suitable to his income. Rather, the Court waived the initial partial payment and imposed on his custodians the obligation to deduct payments as funds come available. The Court will do the same in this case.

After screening the Complaint in 09-CV-424, Court concluded, as it has herein, that the Plaintiff failed to state a cognizable federal claim. Therefore, the claims were dismissed, *sua sponte*, as they will be in this case. The Court now advises Plaintiff that Title 28 U.S.C. § 1915(g) prevents "frequent filer" prisoners from obtaining pauper status when filing serial civil rights actions. The statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Therefore, under this provision, any prisoner who meets the statutory condition of having three prior actions dismissed for any of the reasons set out above may not be granted permission proceed without prepayment of fees under Section 1915. The only exception to this limitation is in the last clause of the statute, which exempts such a prisoner from the pre-pay requirement if he "is under imminent danger of serious physical injury."

As this proceeding will be the second civil action which is dismissed here because of Lowe's failure to state a federal claim, the Plaintiff is now on notice that any future filing may

5

be the third of the "Three Strikes" to which a prisoner is entitled. The Court will carefully scrutinize, under the parameters of 28 U.S.C. § 1915(g), any future civil action(s) or appeal(s) which he may file in the future.

### III.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Plaintiff's Complaint will be **DISMISSED WITHOUT PREJUDICE**; and

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This the 7th day of April, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge